FILED
 2013 Jan-07  AM 10:32
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES E KNOWLES and BEVERLY K KNOWLES,** | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )  Civil Action Number<br>)  **5:11-cv-01670-AKK** |
| **AMERICAN HOME MORTGAGE SERVICING INC,** | )<br>)<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs James and Beverly Knowles seek to hold Defendant American Home Mortgaging Servicing Inc. liable for damages arising from the foreclosure of their home. Doc. 3. Defendant asserts that Counts I and II of the amended complaint are insufficient as a matter of law and thus due to be dismissed. Doc. 51. For the reasons stated below, the court **GRANTS** the motion.

### I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

1

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." *Iqbal*, 129 S. Ct. at 1950.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

On May 24, 2006, Plaintiffs refinanced their home through a mortgage loan from Option One Mortgage Corporation ("Option One"). Doc. 3 at ¶ 12. In conjunction with the mortgage loan, Plaintiffs executed a promissory note payable to Option One in the original principal amount of $322,400.00. *Id*. at ¶ 13. However, in 2007 Plaintiffs suffered from severe medical conditions that caused a dramatic decrease in personal income and caused Plaintiffs to become delinquent in their mortgage payments. *Id*. at ¶ 23-26. Although the mortgage loan was originally serviced by American Mortgage Holding, Defendant bought the servicing rights from American's bankruptcy estate after Plaintiffs' default. *Id*. at ¶ 16-17. Plaintiffs allege "that the true holder and owners of the [promissory] [n]ote are unknown securitized trusts or Government Sponsored Entities." *Id*. at ¶ 20.

In 2010, Plaintiffs attempted to keep their home by filing a Chapter 13 bankruptcy case in the Northern District of Alabama. *Id*. at ¶27. Former

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

defendant Jauregui and Lindsey, LLC ("J&L")[2] requested that the bankruptcy court lift its automatic stay and "state[d] that HSBC Bank USA, National Association, as Trustee for Benefit of the Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-through Certificates, Series 2007-SHL1 ("HSBC") is the owner of the mortgage." *Id*. at ¶ 29. According to Plaintiffs, this representation was a fraudulent attempt to convert the status of J&L's client, HSBC, from an unsecured creditor to a secured creditor. *Id*. at ¶31-32. Ultimately, the bankruptcy court granted the request to lift its automatic stay. *Id*. at ¶ 33.

Pursuant to the Truth in Lending Act and Real Estate Settlement Procedures Act, Plaintiffs sent Defendant a letter on March 5, 2011 requesting the name of the owner of the promissory note. *Id*. at ¶ 49. This letter was returned unopened and marked "REFUSED," prompting Plaintiffs to send another letter on March 12, 2011. *Id*. at ¶ 50-51. After Defendant failed to respond, Plaintiffs sent a third letter with delivery confirmation on April 1, 2011. *Id*. at ¶ 51-52. On April 4, 2011, Plaintiffs received confirmation that Defendant received the third letter. *Id*. Defendant sent Plaintiffs an acknowledgment letter on or about April 6th, but failed to actually respond to the request regarding the identity of the promissory

---

[2] The court dismissed Plaintiffs' claims against J&L with prejudice and terminated J&L as a party to this action on July 12, 2012. *See* doc. 50.

note owner. *Id*. at ¶ 53-56.

On May 2, 2011, J&L sent Plaintiffs a notice of acceleration and foreclosure demanding payment of $411,093.38 plus accrued interest and attorney's fees and expenses and "stating that [J&L] represented Fidelity National Foreclosure and Bankruptcy Solutions ("Fidelity") on behalf of AHMSI, servicing agent for HSBC[.]" *Id*. at ¶ 35, 37, 41. However, Plaintiffs believe that Fidelity "was spun out in 2008 and no longer exists." *Id*. at ¶ 36. According to the foreclosure notice publications, Option One (renamed Sand Canyon Corporation) assigned Plaintiffs' mortgage to HSBC. *Id*. at ¶ 39. However, this assignment was not recorded until May 19, 2011. *Id*. at ¶42. The assignment lists an effective date of May 2, 2011 and is signed by Elizabeth Boulton, AVP Sand Canyon Corporation (also known as Option One), who Plaintiffs allege is an employee of AHMSI rather than Sand Canyon. *Id*. at 44-45. Later, Sand Canyon's president, Dale Sugimoto, made a declaration in an Eastern District of Louisiana bankruptcy case that Sand Canyon "does not own any residential real estate mortgages." *Id*. at ¶ 47-48. Based on these facts, Plaintiffs allege that the assignment from Option One/Sand Canyon to HSBC is fraudulent. *Id*. at ¶ 46.

### III. ANALYSIS

Plaintiffs raise four claims against Defendant: violations of the Fair Debt

Collection Practices Act ("FDCPA"), fraud, failure to respond to a qualified written request under 12 U.S.C. § 2605(e)(1)(A), and failure to provide the identity of the owner or master servicer of Plaintiffs' promissory note under 12 U.S.C. § 2605(e)(2) or the Dodd-Frank Act.  *See* doc. 3.  Defendant seeks to dismiss the first two claims, on the basis that they are "insufficient as a matter of law."  Doc. 51 at 5.  This assertion is largely based on Plaintiffs' failure to allege that Defendant personally violated the FDCPA or committed fraud.

In Count I, as it relates to Defendant, Plaintiffs allege that Elizabeth Boulton executed an assignment of Plaintiffs' promissory note for Sand Canyon/Option One, but lacked authority to do so because Sand Canyon/Option One "had nothing for [] Boulton to assign" and she was actually an employee of Defendant.  Doc. 3 ¶ 69-73.  Accordingly, Plaintiffs allege that Sand Canyon/Option One violated the FDCPA by using an illegal means to collect a debt and that Defendant is vicariously liable for this violation through the conduct of its alleged employee, Boulton.  *Id*.  Generally, "a company meeting the definition of a debt collector may be held vicariously liable for the actions of a second company acting on its behalf."  *Muzuco v. Re$ubmitIt, LLC*, 2012 WL 3242013, No. 11-62628-Civ., at *5 (S.D. Fla. Aug.7, 2012) (internal quotation marks and citations omitted).  However, in the companion case *Beverly Knowles v. HSBC Bank*, 5:11-cv-01953-

IPJ, Judge Johnson found that the actual assignment from Option One/Sand Canyon to HSBC occurred on April 1, 2007 and, thus, that the assignment was not fraudulent.  *See* doc. 50 at 2-3.  The doctrine of collateral estoppel prevents Plaintiffs from re-litigating this issue and, accordingly, there is no underlying wrongful conduct upon which to base vicarious liability.[3]  Therefore, the court **GRANTS** Defendant's motion on count I.

Likewise, Defendant's motion on Count II is **GRANTED** because Plaintiffs allege facts that appear to exclusively pertain to J&L.  *See* doc. 3 at ¶ 76-81.  In other words, Plaintiffs failed to allege any basis for fraud liability against Defendant.  Moreover, because Plaintiffs failed to respond to Defendant's motion, the court presumes that Plaintiffs concede that they fail to allege facts pertaining to Defendant.  Alternatively, even if Plaintiffs are asserting that Defendant is vicariously liable for J&L's alleged fraud, the claim fails under the doctrine of

---

[3] "Collateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided prior to suit. [The] prerequisites to the application of collateral estoppel [are]: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees*, 327 F.3d 1209, 1317 (11th Cir. 2003).  As the court discussed in more detail in its July 12, 2012 opinion dismissing J&L, doc. 50, Judge Johnson previously resolved the factual issue of when the assignment between Option One/Sand Canyon and HSBC occurred, in satisfaction of all the requirements for collateral estoppel.  Therefore, Plaintiffs cannot maintain liability against Defendant here by relitigating the same factual issue.

collateral estoppel, as discussed above, because the allegation is based on the previously litigated factual issue regarding when Plaintiffs' promissory note was assigned.

## IV. CONCLUSION

Based on the foregoing, the court **GRANTS** Defendant's partial motion to dismiss. Accordingly, Counts I and II of Plaintiffs' Amended Complaint, doc. 3, are **DISMISSED with prejudice**.

**DONE** this 7th day of January, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE